IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal No.: RDB-17-280 |
| MARLAND MAYNOR, | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

Defendant Marland Maynor ("Defendant" or "Maynor") is currently serving a mandatory minimum sentence of 180 months' imprisonment for being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (Judgment, ECF No. 130.) On February 4, 2021, Maynor filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 159.) In his filing, Maynor argues that he is entitled to compassionate release because the conditions at FCI Petersburg Medium, the Bureau of Prisons ("BOP") facility at which he is incarcerated, have left him susceptible to contracting the COVID-19 virus. (*Id.*) Maynor's submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). Maynor has not demonstrated health risks sufficient for the Court to consider his request, and analysis under the sentencing factors provided in 18 U.S.C. § 3553(a) does not support a reduction in his sentence. For the reasons stated herein, Maynor's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 159) is DENIED.

### BACKGROUND

1

On May 27, 2017, Maynor was charged as the sole defendant in a single-count Indictment with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 1.) On July 7, 2017, Maynor pled not guilty to the charge. (Arraignment, ECF No. 17). Evidence at trial showed that on November 26, 2016, Marland Maynor was stopped by Baltimore City police officers and a loaded revolver was recovered from his person. (Presentencing Investigation Report, ECF No. 129.) Officers had been watching the 500 block of Normandy Avenue in Baltimore when they observed Maynor enter the block and approach another man standing in the road. (*Id.*) An officer watched Maynor lift the side of the hoodie he was wearing and expose the brown grift of a handgun. (*Id.*) Officers then approached Maynor and started to speak to him and signal him to put his hands up while the other officers approached him from opposite sides. (*Id.*) An officer then raised Maynor's hands over his head, and another officer was able to see the handle of the firearm under the hooded sweatshirt, at which point a black and brown colored Dan .367 handgun was recovered. (*Id.*) Maynor resisted the officers' attempts to put him in handcuffs. (*Id.*)  The Defendant stipulated at trial that prior to November 26, 2016, he had been convicted of a crime punishable by a period of a year or more incarceration, and that his civil rights related to firearm possession had not been restored. (*Id.*)

On August 9, 2018, after a three-day jury trial, a jury found Maynor guilty of Count One of the Indictment. (ECF No. 106.) On November 13, 2018, this Court imposed a sentence of 180 months of imprisonment, consistent with the mandatory minimum sentence, with credit for time served since June 12, 2017. (Judgment, ECF No. 130.) On February 4, 2021, Maynor, who is 42 years old, moved for his immediate release in light of the ongoing

COVID-19 pandemic, asserting that the prison conditions create an "extraordinary and compelling" reason for release. (Motion for Compassionate Release, ECF No. 159.) On March 12, 2021, the Office of the Federal Public Defender declined to supplement Maynor's *pro se* Motion. (ECF No. 161.) On March 20, 2021 Maynor supplemented his Motion *pro se* by sending letters of support from friends. (ECF No. 162.) The Government has not filed a response to Maynor's Motion.

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and a finding that a reduction in sentence is consistent with the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

I.  **Administrative Exhaustion Requirements.**

Maynor has satisfied the administrative exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A). (*See* ECF No. 159-2 at 3-4.) Maynor sought compassionate release from the Warden of his institution on November 4, 2020. (*Id.*) On December 11, 2020, this request was denied. (*Id.*) As Maynor has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf, Maynor motion is properly before this Court.

II. **Extraordinary and Compelling Reasons.**

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Additionally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2

(D. Md. Apr. 30, 2020). Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g., United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

In his Motion, Maynor argues that he is entitled to compassionate release because "exposure to the current COVID-19 pandemic that is ravaging the Federal prison system equates to compelling and extraordinary circumstances." (ECF No. 159 at 3.) He details the conditions of the prison which do not allow for full social distancing and alleges that multiple inmates have tested positive for COVID-19. (*Id.* at 4.) Maynor suggests that the only way to protect inmates is to "release [all possible] prisoners to mitigate loss of life associated with COVID-19." (*Id.*) Notably, Maynor has not alleged any medical condition that makes *him* particularly susceptible to contracting COVID-19. He neither claims that he has contracted COVID-19 nor has had any symptoms of COVID-19. As Magistrate Judge Day of this Court has aptly noted, "[t]he existence of the present pandemic, without more, is not tantamount to a "get out of jail free card."" *United States v. Williams*, No. PWG-13-544, 2020 WL 1434130 at *3 (D. Md. March 24, 2020). Here, Maynor seeks to rely on the "existence of the present pandemic" alone as an extraordinary and compelling reason for relief. This Court finds this argument insufficient.

Additionally, while the COVID-19 pandemic created an elevated risk for Defendant Maynor and others in BOP facilities, the rollout of three vaccines for COVID-19 (Pfizer, Moderna, and Johnson & Johnson), has lowered that risk in recent months. As Judge Hollander of this Court has noted, the BOP has been receiving vaccine shipments since

December 16, 2020. *United States v. Graves*, No. ELH-18-17, 20201 WL 1909631, at *8-9 (D. Md. May 11, 2021) (citing Walter Pavlo, *Federal Bureau of Prisons Starts Vaccination of Staff, Inmates Soon Thereafter*, Forbes (Dec. 21, 2020), https://www.forbes.com/sites/walterpavlo/2020/12/21/federal-bureau-of-prisons-starts-vaccination-of-staff-inmates-soon-thereafter/?sh=5683b99aa96f). Since then, vaccination levels have increased: at FCC Petersburg,[1] where the Defendant is imprisoned, the BOP reported as of July 29, 2021, that 378 staff members and 1,942 inmates (out of 2,165 total inmates) have been inoculated with the vaccine.[2] Additionally, rates of infection have decreased: there are currently no cases of COVID-19 at FCI Petersburg Medium.[3] Therefore, the Court finds that since Maynor has not alleged any specific susceptibility to COVID-19, as well as FCI Petersburg Medium's falling COVID-19 infection figures and rising inoculation figures, Maynor has not presented extraordinary and compelling reasons for relief.

### III.   Application of "Danger to the Community" Factors and 18 U.S.C. § 3553(a).

Even if Maynor had presented extraordinary and compelling reasons for a sentence modification, consideration of the sentencing factors under 18 U.S.C. § 3553(a) reveals that he is nevertheless not a suitable candidate for early release. This Court must find extraordinary and compelling circumstances, *as well as* that the defendant would not pose "a danger to the

---

[1] BOP has not reported vaccination data for FCI Petersburg Medium specifically, the facility where Defendant is incarcerated. Instead, BOP reports data for FCC Petersburg, which includes FCI Petersburg Medium and FCI Petersburg Low.

[2] Staff who received their vaccination in the community rather than a BOP facility are not reflected in these figures. https://www.bop.gov/coronavirus/ (last accessed July 29, 2021).

[3] Since the beginning of the COVID-19 pandemic, 257 inmates 22 83 staff have recovered from COVID-19 at FCI Petersburg Medium. One inmate has died from COVID-19. https://www.bop.gov/coronavirus/ (last accessed July 29, 2021).

safety of any other person or to the community," U.S.S.G. § 1B1.13(2), and that a reduction in sentence is consistent with the sentencing factors provided in 18 U.S.C. § 3553(a) in order to grant such Motion.

To determine whether a defendant poses a danger to the community, this Court must consider a number of factors, including (1) the nature and circumstances of the offense; (2) the weight of the evidence against him; (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release. *See* 18 U.S.C. § 3142(g). Analysis under 18 U.S.C. § 3553(a) involves consideration of some of the same factors. Under § 3553(a), the court considers (1) Maynor's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See United States v. Bryant*, Crim No. 95-202-CCB-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

Looking at each of these factors, this Court finds that a reduction in Maynor's sentence is inappropriate. Maynor is an "armed career criminal" and has been found guilty as an adult nine times, including three violent crimes. (Presentence Investigation Report, ECF No. 129 at 11.) Furthermore, the nature of Maynor's current criminal case, possessing a firearm as a previously convicted felon, is serious. Overall, Maynor's history of recidivism and the nature of his crime warranted the sentence initially imposed. A reduction at this time, when Maynor

has only served 20% of his sentence, would be inconsistent with the deterrent effect of the sentence.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 30th day of July, 2021, that Defendant Maynor's Motion for Compassionate Release (ECF No. 159) is DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge