IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARLAND MAYNOR,                          *

    *Petitioner*,                         *

    v.                                   *       Criminal Action No. RDB-17-280
                                         Civil Action No. RDB-24-3181

UNITED STATES OF AMERICA,                *

    *Respondent*.                         *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM OPINION</u>

On August 8, 2018, a jury convicted Petitioner Marland Maynor ("Petitioner" or "Maynor") of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 106.) On November 13, 2018, this Court sentenced Maynor under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to the mandatory minimum term of 180 months' imprisonment, with credit for time served in federal custody since June 12, 2017, to be followed by five years of supervised release. (ECF No. 130 at 2–3.) Maynor appealed, challenging the ACCA enhancement, and the United States Court of Appeals for the Fourth Circuit affirmed. *United States v. Maynor*, 776 F. App'x 126 (4th Cir. 2019) (per curiam). Maynor then petitioned for a rehearing, arguing in part that he was entitled to relief under *Rehaif v. United States*, 588 U.S. 225 (2019). While the Fourth Circuit granted that petition, *United States v. Maynor*, 826 F. App'x 287 (4th Cir. 2020), the Supreme Court subsequently issued its decision in *Greer v. United States*, 593 U.S. 503 (2021), which foreclosed Maynor's *Rehaif* claim. Accordingly, the Fourth Circuit affirmed Maynor's sentence. *United*

*States v. Maynor*, No. 18-4835, 2023 WL 4181229 (4th Cir. June 26, 2023) (per curiam), *cert. denied*, 144 S. Ct. 238 (2023).

Maynor has subsequently filed numerous *pro se* motions seeking miscellaneous forms of post-conviction relief, including a *pro se* Motion for Compassionate Release, (ECF No. 159), which this Court denied, (ECF No. 163). Presently pending before this Court is Maynor's *pro se* Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") (ECF Nos. 177; 178),[1] along with three other *pro se* motions: a Motion for Relief for Evidentiary Hearing and Reopen Hearings Held from Judgment Pursuant to Fed. R. Civ. P. 60(d)(3) ("Rule 60(d)(3) Motion") (ECF No. 176); a Motion to Conduct Discovery (ECF No. 179); and a Motion for Entry of Default (ECF No. 181).

The Government responded in opposition of Petitioner's § 2255 Motion (ECF No. 185), and Maynor replied (ECF No. 186). While the Government has not responded to Petitioner's additional pending motions (ECF Nos. 176; 179; 181), the Court finds that a response is not necessary. The Court has reviewed the relevant filings and finds that a hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Maynor's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF Nos. 177; 178) is DENIED; his Motion for Relief for Evidentiary Hearing and Reopen Hearings Held from Judgment Pursuant to Fed. R. Civ. P. 60(d)(3) (ECF No. 176) is DENIED; his Motion to Conduct Discovery (ECF No. 179) is DENIED AS MOOT; and his Motion for Entry of Default (ECF No. 181) is DENIED AS MOOT.

---

[1] This Court considers ECF Nos. 177 and 178 to comprise the § 2255 Motion.

## BACKGROUND

### I.    The Offense of Conviction.

A summary of the evidence adduced during Maynor's three-day trial in August 2018 follows.  (ECF Nos. 138, 139, 140.)  At approximately 11:00 PM on November 26, 2016, Baltimore Police Department officers had been watching the 500 block of Normandy Avenue in Baltimore when they observed a man, later identified as Maynor, enter the block and approach another man standing in the road.  One of the officers had taken a covert position and had a clear view of Maynor and the man as they conversed, and from that vantage, the officer observed Maynor lift the side of his hoodie, exposing what the officer recognized as the brown grip of a handgun.

The officer alerted the three officers working with him, who then approached Maynor. One officer started to speak to Maynor and signaled him to put his hands up, while two other officers approached him from both sides.  After one of the approaching officers raised Maynor's hands over his head, another officer was able to see the handle of the firearm under the hooded sweatshirt, at which point a loaded revolver was recovered.  Maynor resisted the officers' attempts to put him in handcuffs and made several statements to officers as they continued to try and secure his hands.  At trial, Maynor elected to testify and claimed that he did not have the gun and that he believes the gun was planted by the officers.

### II.    Procedural History.

On May 23, 2017, Maynor was charged as the sole defendant in a single-count indictment for Felon in Possession of a Firearm related to the November 26, 2016 incident, in violation of 18 U.S.C. § 922(g)(1) ("Count I").  (ECF No. 1.)  Before proceeding to trial,

Maynor filed two separate motions to suppress. (*See* ECF Nos. 18; 19.) More specifically, Maynor moved to suppress his post-arrest statements, claiming he was not given proper warnings under *Miranda v. Arizona*, 440 U.S. 934 (1996), in violation of his Fifth Amendment rights. (ECF No. 18.) Additionally, Maynor moved to suppress evidence of the firearm, alleging that law enforcement officers lacked reasonable suspicion or probable cause to stop and arrest him. (ECF No. 19.) Following a hearing on February 6, 2018, this Court denied both motions. (*See* ECF No. 66.)

The case subsequently proceeded to a jury trial, commencing on August 6, 2018, with Maynor stipulating to a prior qualifying conviction and his status as a prohibited person.[2] (ECF No. 93.) The Government produced several pieces of evidence in support of their case, including testimony from officers at the scene, recordings of the arrest, and subsequent statements made by officers and Maynor himself. (ECF Nos. 138; 139; 140.) The defense called a private investigator and recalled one of the arresting officers, and Maynor also elected to testify. (ECF Nos. 138; 139; 140.) On August 8, 2018, after a three-day trial, a jury found Maynor guilty of Count I of the indictment. (ECF No. 106.)

On November 13, 2018, this Court sentenced Maynor under the Armed Career Criminal Act, 18 U.S.C. § 924(e),[3] to the mandatory minimum term of 180 months'

---

[2] To sustain a conviction for a violation of 18 U.S.C. § 922(g)(1), the government must prove, beyond a reasonable doubt, that the defendant "knowingly": (1) belonged to one of the nine categories of individuals prohibited from possessing a firearm or ammunition; (2) the defendant knowingly possessed, transported, shipped, or received the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce at some point during its existence. Here, Maynor stipulated to the fact of a prior felony conviction. Under *Old Chief v. United States*, 519 U.S. 172 (1997), when a defendant offers to stipulate to the fact of a prior felony conviction, further proof of the nature of that conviction becomes irrelevant and should be excluded. *Id.* at 185.

[3] The Armed Career Criminal Act of 1984 mandates that a defendant who violates § 922(g) and has three previous convictions for either violent felonies or serious drug offenses "shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not

imprisonment, with credit for time served in federal custody since June 12, 2017, to be followed by five years of supervised release.  (ECF No. 130 at 2–3.)

Maynor appealed, challenging the ACCA enhancement.  As relevant background, the Presentence Report ("PSR") specified that Maynor had three or more prior convictions for violent felonies or serious drug offenses, including a 2009 "serious drug offense" conviction for Distribution of Cocaine in the Circuit Court of Maryland for Baltimore City.  (ECF No. 129 *SEALED* ¶¶ 34–61, 40).  On appeal, Maynor argued, and continues to maintain, that this 2009 conviction was incorrectly cited in the PSR as a distribution-related offense when it was in fact for simple possession.  (ECF No. 178 at 2, 3–4.)  The Fourth Circuit affirmed.  *United States v. Maynor*, 776 F. App'x 126 (4th Cir. 2019) (per curiam).  In brief, the Fourth Circuit explained that this Court "was entitled to rely on the PSR, and the court's finding that Maynor's prior conviction was for distribution of cocaine, rather than possession, is not clearly erroneous."  (ECF No. 151 at 2–3.)  The Fourth Circuit further explained that Maynor failed to satisfy his affirmative duty and explain why the PSR's description lacked "sufficient indicia of reliability."  (*Id.*)

Maynor then petitioned for a rehearing, arguing in part that he was entitled to relief under *Rehaif v. United States*, 588 U.S. 225 (2019).  While the Fourth Circuit granted that petition, *United States v. Maynor*, 826 F. App'x 287 (4th Cir. 2020), the Supreme Court subsequently issued its decision in *Greer v. United States*, 593 U.S. 503 (2021), which foreclosed Maynor's *Rehaif* claim.  Accordingly, the Fourth Circuit affirmed Maynor's sentence.  *United*

---

suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)."  18 U.S.C. § 924(e).

*States v. Maynor*, No. 18-4835, 2023 WL 4181229 (4th Cir. June 26, 2023) (per curiam), *cert. denied*, 144 S. Ct. 238 (2023).

Maynor continues to challenge his sentence on various bases.  On June 11, 2020, Maynor filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, in light of the Supreme Court's decision in *Rehaif*.  (ECF No. 155.)  This Court dismissed Maynor's motion after he failed to respond to a show cause order.  (ECF Nos. 168; 169.)  After Maynor appealed, the Fourth Circuit once again affirmed this Court's decision.  (ECF No. 170.)  Maynor also filed a *pro se* Motion for Compassionate Release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 159), which was denied by this Court.  (ECF No. 163.)

Maynor has four *pro se* motions presently pending before this Court. (*See* ECF Nos. 176; 177; 178; 179; 181.)  In the order filed, presently pending is Maynor's Motion for Relief for Evidentiary Hearing and Reopen Hearings Held from Judgment pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure (ECF No. 176); a second § 2255 Motion (ECF Nos. 177; 178); a Motion to Conduct Discovery (ECF No. 179); and a Motion for Entry of Default (ECF No. 181).  The Government responded in opposition to Maynor's § 2255 Motion, (ECF No. 185), and Maynor replied, (ECF No. 186).  Maynor's motions are now ripe for review.

## STANDARD OF REVIEW

As Maynor has filed his Motion *pro se*, his Motion will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  For the purposes of this Memorandum Opinion, this Court will first discuss the standard of review for a § 2255 Motion before addressing the standard of review for a Rule 60(d)(3) Motion.

## I.     § 2255 Motion.

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## II.     Rule 60(d)(3) Motion.

Rule 60 permits relief from a judgment or order of this court to correct clerical mistakes, oversights, and omissions.  Fed. R. Civ. P. 60(a).  A party may also be granted relief from judgment on motion for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, release or discharged; (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).  Furthermore, cited to by the Petitioner in the present case, the "savings clause" in Rule 60(d)(3) provides that, "[t]his rule does not limit a court's power to . . . (3) set aside a judgment for fraud on the court."  Fed. R. Civ. P. 60(d)(3).  A motion under Rule 60(d)(3) requires a party to meet a very high standard, involving "corruption of the judicial process itself."  *Fox v. Elk Run*, 739 F.3d 131, 136 (4th Cir. 2014).

## ANALYSIS

This Court first addresses Maynor's § 2255 Motion before discussing his Rule 60(d)(3) Motion (ECF No. 176), Motion to Conduct Discovery (ECF No. 179), and Motion for Entry of Default (ECF No. 181).

### I.    § 2255 Motion.

It is well-settled that a § 2255 motion is not a means to circumvent a proper ruling on appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). A § 2255 motion does not enable the defendant to "recast, under the guise of collateral attack, questions fully considered by [the Circuit Court on direct appeal]." *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Furthermore, as a general rule, "claims not raised on direct appeal may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, an exception to this rule applies where a petitioner demonstrates both "cause" and "actual prejudice." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Maynor appears to advance five arguments in support of his § 2255 Motion.[4] The arguments are as follows:

1.    Petitioner advances several claims of ineffective assistance of counsel, such as: (a) failure to properly challenge the credibility of a Government witness—specifically, the police officer who first reported seeing Maynor with the firearm; (b) failure to challenge the presentencing report's description of Petitioner's 2009 conviction; (c) failure to raise a *Rogers*[5] error; and (d) failure to challenge stipulated facts in the proposed plea bargain;

---

[4] This Court considers the arguments set forth in Petitioner's § 2255 Motion (ECF Nos. 177; 178).

[5] In *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), the district court included 22 discretionary conditions of supervised release—which were in a Standing Order in effect in that District, but which had not been orally pronounced or incorporated by reference at the sentencing hearing—to the written judgment. In reversing and remanding for resentencing, the Fourth Circuit held: (1) that discretionary ("nonmandatory") conditions of supervised release must be orally pronounced at sentencing, *id.* at 295–99; and (2) while the court could have

2.    Petitioner asserts that this Court improperly suppressed impeachment material regarding the police officer who first reported seeing Maynor with the firearm;

3.    Petitioner claims that the officers violated his Fourth Amendment rights, contending law enforcement lacked reasonable suspicion to stop and frisk him pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968);

4.    Petitioner argues that this Court erred in admitting his post-arrest statements as he was not given proper warnings under *Miranda v. Arizona*, 440 U.S. 934 (1996), in violation of his Fifth Amendment rights; and

5.    Petitioner asserts that the Court's imposition of the conditions of supervised release constituted an error under the Fourth Circuit's decision in *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020).

As explained in detail below, this Court concludes that Maynor's various § 2255 arguments are unavailing. While Maynor may assert ineffective assistance of counsel claims for the first time on collateral review, these claims fail because he has not shown that his counsel's performance was deficient under the *Strickland*[6] standard, let alone any prejudice resulting therefrom. The remainder of Maynor's claims are procedurally-barred because Petitioner failed to raise them on direct appeal and is now unable show cause and actual prejudice, or actual innocence.

### A. Claims of Ineffective Assistance of Counsel.

A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). In order to successfully challenge a sentence of imprisonment under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). First, the

---

simply incorporated the conditions by reference, the "fact [that he] did *not* incorporate the Standing Order into [the defendant's] oral sentence" was reversible error. *Id.* at 295–301 (emphasis in original).
[6] *Strickland v. Washington*, 466 U.S. 668 (1984).

petitioner must show that counsel's performance was not "within the range of competence normally demanded of attorneys in criminal cases," and was "below an objective standard of reasonableness," measured by "prevailing professional norms." *Id.* "Keenly aware of the difficulties inherent in evaluating counsel's performance, the Supreme Court has admonished that courts 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Lawrence v. Branker*, 517 F.3d 700, 708 (4th Cir. 2008) (quoting *Strickland*, 466 U.S. at 689).

Second, the petitioner must show that counsel's deficient performance "prejudiced [his] defense." *Strickland*, 466 U.S. at 687. To satisfy the "prejudice prong," a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 697; *see Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (stating that, under the second prong, the petitioner must prove that the "result of the proceeding was fundamentally unfair or unreliable"). A court may determine whether prejudice has been shown before judging counsel's conduct for deficiencies. Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Strickland*, 466 U.S. at 670.

In this case, Maynor is not entitled to relief based on ineffective assistance of counsel, as he fails to clear either prong of the *Strickland* test. His claims cannot overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Yarbrough v. Johnson*, 520 F.3d 329, 337 (4th Cir. 2008) (quoting *Strickland*, 466 U.S. at 689) (internal quotations omitted), and he has wholly failed to show prejudice.

1. **Failure to Properly Challenge Law Enforcement Officer's Credibility.**

Maynor argues that he was never in possession of the gun in question, and he alleges that the police officer who first observed the gun—who was later the Government's "star witness"—lied about seeing a weapon on the Petitioner's person. (ECF No. 129 ¶ 16.) Maynor contends that his trial counsel's performance was deficient for failing to challenge the police officer's credibility. (ECF No. 178 at 33.) Specifically, Petitioner claims that during the trial, his counsel failed to properly question the witness on recent Internal Affairs Division ("IAD") investigations into his conduct. (*Id.*)

This allegation is contradicted by a review of the record. (*See* ECF No. 138 at 36.) During trial, Maynor's counsel cross-examined the officer and questioned him on being the subject of an IAD investigation on false arrest. (*Id.* at 36:7–9.) While Maynor takes issue with the shortness of counsel's questioning on this topic, this is not enough to show that counsel's assistance was ineffective in any way. *See United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014) ("Attorneys need not raise every possible claim to meet the constitutional standards of effectiveness. They are permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success.") Consequently, Maynor fails to satisfy the two prongs of the *Strickland* test: counsel's conduct did not fall outside the range of reasonable professional assistance, and thus Petitioner is unable to demonstrate that but for these unprofessional errors, the outcome of his case would have been different.

2. **Failure to Challenge Prior 2009 Conviction.**

Maynor also claims counsel was ineffective with respect to his being sentenced as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e). (ECF No. 178 at 36–38, ECF No.

186 at 4–5.)  Maynor argues that his counsel failed to challenge the PSR's description of his 2009 prior conviction as a "serious drug offense" of distribution rather than a reduced charge of simple possession.  This led to Maynor receiving an enhanced sentence equal to the mandatory minimum term of 15 years' imprisonment under § 924(e).  (ECF No. 178 at 36–37; ECF No. 130 at 2.)  The basis for this objection is that Maynor's four-year sentence for this prior conviction was consistent with the statutory maximum for simple possession of cocaine under Maryland law.  (ECF No. 178 at 38.)

Maynor fails to meet either prong of the *Strickland* test with respect to this allegation. First and foremost, on appeal, counsel challenged the PSR's description on the same ground that Maynor presently attempts to relitigate his § 2255 Motion.  *See Maynor*, 776 F. App'x at 126–27.  This argument was rejected by the Fourth Circuit on appeal.  *See id.* at 127 ("[T]he fact that Maynor received a sentence that is consistent with a conviction for simple possession, and that is not inconsistent with a conviction for distribution, does not satisfy Maynor's affirmative duty to establish that the PSR incorrectly described his prior conviction."). Counsel set forth this argument despite Petitioner's own testimony at trial where Maynor admitted that he was convicted of distribution of cocaine during cross-examination.  (ECF No. 139 at 116:23–25.)  This "serious drug offense" conviction, coupled with Maynor's prior convictions for violent felonies and serious drug offenses (*see e.g.*, ECF No. 129 *SEALED* ¶ 36–38), subjected Maynor to a sentence enhancement under § 924(e) for the offense of conviction.  Thus, with respect to this claim, the record clearly shows that counsel's performance was in no way deficient.

### 3. **Failure to Raise a *Rogers* Error.**

Maynor asserts that he received ineffective counsel as his attorney failed to raise a *Rogers* error on his behalf. (ECF No. 178 at 38.) Maynor claims that he was not allowed to have legal papers at the jail, and that he did not have a copy of the written judgment while represented by appellate counsel, which is why he was unable to raise this error to the court himself. (ECF No. 178 at 38.) Petitioner, however, fails to demonstrate that the district court committed a *Rogers* error in the first place, therefore his argument is without merit.[7] As such, Maynor fails to satisfy both prongs of the *Strickland* test. *See Mason*, 774 F.3d at 828–29 ("Effective assistance of appellate counsel 'does not require the presentation of all issues on appeal that may have merit.'") (quoting *Lawrence v. Branker*, 571 F.3d 700, 709 (4th Cir. 2008)).

### 4. **Failure to Challenge Stipulated Facts of Proposed Plea Bargain.**

Lastly, Maynor raises a claim of ineffective assistance on the basis that counsel failed to challenge the stipulated facts of a potential plea bargain wherein the Government allegedly offered him 10 years (or 120 months) if he pled guilty to possession of a stolen firearm, in violation, 18 U.S.C. § 922(j). (ECF No. 178-1 at 37.) To be clear, Maynor was charged as a felon in possession, (ECF No. 1)—not possession of a stolen firearm, and 18 U.S.C. § 922(g) and § 922(j) are distinct, though it is possible, as Maynor suggests, that the Government offered to file a superseding indictment charging him with possession of a stolen firearm, in violation of 18 U.S.C. § 922(j), in exchange for his plea. In short, the crux of Maynor's challenge to this alleged plea offer—or rather, his challenge to his counsel's handling of this plea offer—is that "the firearm was in fact registered and legal and not stolen," and that his

---

[7] Maynor's argument that the district court committed a *Rogers* error is discussed in more detail below.

counsel's refusal to contest these facts "forced Defendant to go to trial." (ECF No. 178-1 at 37.) He further faults his appellate counsel for not raising this argument on appeal. (*Id.*) Simply stated, Maynor's theory fails to satisfy both prongs of the *Strickland* test, as he cannot overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Yarbrough*, 520 F.3d at 337 (quoting *Strickland*, 466 U.S. at 689) (internal quotations omitted), nor can he satisfy the prejudice prong.

### B. Procedurally-Barred Claims.

In addition to his various claims of ineffective assistance of counsel, Maynor advances a variety of new claims. Specifically, he claims alleged suppression of impeachment material, lack of reasonable suspicion, improper *Miranda* warnings and admission of post-arrest statements, and an alleged *Rogers* error. As noted above, it is well-settled that a § 2255 motion is not a vehicle to circumvent a proper ruling on appeal, *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013), and a defendant will not "be allowed to recast, under the guise of collateral attack, questions fully considered by [the Circuit Court on direct appeal]." *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (citing *Herman v. United States*, 227 F.2d 332 (4th Cir. 1955)).

Additionally, if a defendant waives an issue by failing to raise it on direct appeal and then later attempts to raise it as a collateral attack, that motion is procedurally-barred. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). An exception to this rule applies where a petitioner demonstrates both "cause" and "actual prejudice," *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 443 U.S. 72, 87 (1977), or where a petitioner can demonstrate that he is "actually innocent." *United States*

*v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393, (2004); *Reed v. Farley*, 512 U.S. 339, (1994); *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Also, "questions of sufficiency of evidence are not reviewable in a § 2255 proceeding." *Epps v. United States*, 728 F. Supp. 1236, 1239 (D. Md. 1990).

Here, Maynor's additional claims—discussed in turn below—are procedurally-barred because they were not presented on direct appeal, and Maynor fails to show cause and actual prejudice, or actual innocence, to justify hearing his claims for the first time on collateral review.

### 1. Alleged Suppression of Impeachment Material.

Maynor claims that this Court and prosecutors erred in suppressing impeachment material in the form of IAD files involving the Government's "star witness." (ECF No. 178 at 25.) This argument was not presented on appeal, and Maynor has failed to show cause and actual prejudice, or actual innocence, that would justify hearing his claim for the first time on collateral review. Simply stated, this argument was available to him for his earlier appeal.

Furthermore, no prejudice results in denying his § 2255 Motion on this basis, as Maynor's narrative is readily contradicted upon review of the record. (ECF No. 77.) During the pre-trial motions hearing held on February 6, 2018, this Court explained that, in adherence with the Supreme Court's decisions in in *Brady v. Maryland*, 373 U.S. 83 (1963) and more importantly, *Giglio v. United States*, 405 U.S. 150 (1972), it is this Court's policy that the Government must "provide to [the Court] any internal affairs files with respect to any police officer who testifies either at a preliminary hearing or at trial before [the Undersigned Judge]." (ECF No. 77 at 15:23–16:2.) Upon an extensive *in camera* review, the Court then determines

15

if there is any *Giglio* material to disclose to the defendant or defense attorney. (*Id.* at 16:17–24.) The Court explained that it was the Undersigned Judge's policy not to permit "any defendant or defense attorney just to rummage through internal affairs files of the Baltimore City Police Department," as doing so "would defeat the very purpose of internal review." (*Id.* at 16:20–24.) The Court recognized the Government's compliance with this policy and following a "fairly extensive review of all the material" determined that certain IAD files would be disclosed to and summarized for Maynor and his defense counsel. (ECF No. 77 at 17:11–13, 18:10–19:3.)

At bottom, both this Court and the Government properly adhered to the Court's protocol in determining what evidence in this case constituted *Giglio* material. Maynor is incorrect in his assertions that this Court erred by not providing the actual contents of the released IAD files to himself or his attorneys to share with the jury. By no means is the Court or prosecution mandated to provide the defendant and its counsel unfettered access to confidential, internal police documents to impeach a government witness. *See United States v. Bagley*, 473 U.S. 667, 675 (1985) (explaining that the purpose of the *Brady* rule is "to ensure that a miscarriage of justice does not occur" and "the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial"). Maynor and his counsel were free to—and in fact—did use the information disclosed in the approved IAD files during trial, specifically on cross-examination. Thus, no prejudice results from denying Maynor's § 2255 Motion on this basis. In sum, Maynor's challenge with respect to the suppression of IAD files is procedurally-barred.

**2. Alleged Lack of Reasonable Suspicion.**

Maynor also argues that, in violation of the Fourth Amendment, law enforcement officers lacked reasonable suspicion to justify the search and seizure of his person pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). (ECF No. 178 at 29.) Maynor contests the first officer's ability to have seen the butt of a firearm in his waistband given the time of day, lighting, and distance between them. (*Id.* at 29, 30, 31.) This argument was presented during pre-trial motions concerning the officer's credibility. (ECF Nos. 77; 78.) Based on the evidence presented, this Court concluded that the officer's account of events was credible and therefore there was reasonable suspicion to conduct an investigatory stop.[8] Nevertheless, Petitioner's counsel presented this theory once again during trial,[9] but given the jury's unanimous guilty verdict, it is clear jurors did not accept this version of events. (ECF No. 178 at 29–31.) Once again, Maynor failed to raise this argument on direct appeal, and is unable to show cause or actual prejudice, or actual innocence, in attempting to challenge his sentencing through this § 2255 Motion. Accordingly, Maynor's allegation that officers lacked reasonable suspicion is procedurally-barred.

**3. Improper *Miranda* Warnings and Admission of Post-Arrest Statements.**

Thirdly, Maynor asserts that the district court improperly determined that his post-arrest statements were admissible as it found that Maynor made these statements voluntarily, and

---

[8] The Court determined from videotape evidence that the area in which Maynor was spotted with the butt of a firearm in his waistband by the first officer was "very well lit . . . and there's no difficulty seeing any of the people on the camera in terms of where the arrest occurred." (ECF No. 77 at 60:7–13.) As a result, the Court was satisfied that the officer was in a good position to observe Petitioner, and therefore found his testimony to be credible. (*Id.* at 60:13–23.)

[9] In support of this argument, Petitioner's counsel relied on testimony from a private investigator, and former DEA Special Agent, attempting to reenact the scenario from the night in question to disprove the first officer's testimony. (ECF No. 139 at 73–80.)

not as part of a police interrogation. (ECF No. 178 at 26.)  Maynor argues that officers did in fact conduct an interrogation, and due to their failure to give proper *Miranda* warnings, these statements should not have been admissible.  (ECF No. 178 at 26.)  Maynor presented this very argument as the basis for his pre-trial Motion for Suppression of Statements (ECF No. 18), which this Court denied,[10] (ECF No. 66).  Maynor failed to challenge this ruling on direct appeal and is unable to show cause that he was incapable of doing so.  Furthermore, Maynor does not provide evidence of actual prejudice or innocence, therefore this claim is procedurally-barred.

### 4. Alleged *Rogers* Error.

Here, Maynor argues that "[t]he written judgment contained discretionary special conditions of supervised release not pronounced orally."  (ECF No. 178 at 9, 20, 33, 38.)  According to Maynor, this means this Court's imposition of the conditions of supervised release did not comport with the Fourth Circuit's decision in *Rogers*.  In *United States v. Rogers*, 961 F.3d 291, 299 (4th Cir. 2020), the Fourth Circuit held that a district court must orally pronounce all nonmandatory conditions of supervised release at the sentencing hearing, either expressly or "through incorporation—by incorporating, for instance, all [Sentencing] Guidelines 'standard' conditions."  A review of the Judgment (ECF No. 130) and the transcript of his sentencing hearing (ECF No. 140) show that this argument is unavailing.  At Maynor's November 8, 2018, sentencing hearing, the Court incorporated the standard conditions of

---

[10] In denying this motion, the Court found that Petitioner's statements "were not made in response to any police interrogation and were voluntary"—that is, the officers were not required to give *Miranda* warnings. (ECF No. 78 at 70, 71:10–14.)  Regardless, one officer still advised Maynor of his right to remain silent but was unable to complete the rest of the *Miranda* warnings as Maynor continued to express his anger.  (*Id.* at 70:13–19.)

supervised release by referencing the "standard conditions of supervision adopted by the

Court." (ECF No. 140 at 95.) The Court further orally announced additional conditions of

supervised release, which are fully consistent with the additional conditions that appear in the

written Judgment:

> (1) That he shall satisfactorily participate in a vocational program as deemed necessary by the probation officer.
>
> (2) That he shall participate in a mental health treatment program as deemed necessary by the probation officer.
>
> (3) That he shall participate in any substance abuse treatment program as deemed necessary, and shall submit to substance abuse testing as deemed necessary during this five-year period of supervised release.

(*Compare id. with* ECF No. 130 at 4.) At bottom, Maynor cannot demonstrate a *Rogers* error.

## II.    Rule 60(d)(3) Motion.

Through his filing at ECF No. 176—which Maynor explicitly claims, "is not a first

section 2255 motion of ineffective assistance of counsel," but rather a motion for relief from

judgment pursuant to Fed. R. Civ. P. 60(d)(3) (*id.* at 1 (cleaned up))—Maynor contends "that

he has and can produce evidence in the record that proves [the Government] provided

fraudulent documents and committed fraud upon the court causing this Court to be

influenced" (*id.* (cleaned up)). Specifically, he alleges that the "manufactured" trial testimonies

of officers and personal phone records submitted into evidence are incompatible with the

police report and pre-trial testimony. (*Id.* at 3.) He further requests an evidentiary hearing on

this matter. (*Id.* at 1.)

In brief, Maynor's reliance on Rule 60(d)(3) is misplaced. Rule 60(d)(3) of the Federal

Rules of Civil Procedure provides that Rule 60(b) does not limit a court's power to set aside a

judgment for "fraud on the court." Rule 60 does not provide relief from a judgment in a

criminal case.  As such, the Court need not address Maynor's argument set forth in ECF No. 176 further.  Accordingly, Maynor's Rule 60(d)(3) Motion (ECF No. 176) is DENIED.

### III.    Additional Motions: Motion to Conduct Discovery (ECF No. 179) and Motion for Entry of Default (ECF No. 181).

In addition to his § 2255 Motion and Rule 60(d)(3) Motion, Maynor filed two other motions presently pending before the Court: a Motion to Conduct Discovery (ECF No. 179) and a Motion for Entry of Default (ECF No. 181).  These additional motions however are dependent upon this Court granting Maynor's § 2255 Motion.  Given this Court's denial of Maynor's § 2255 Motion for the reasons discussed above, Petitioner's Motion to Conduct Discovery (ECF No. 179) and Motion for Entry of Default (ECF No. 181) are both DENIED AS MOOT.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED this 26th day of August, 2025, that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF Nos. 177; 178) is DENIED; his Motion for Relief for Evidentiary Hearing and Reopen Hearings Held from Judgment Pursuant to Fed. R. Civ. P. 60(d)(3) (ECF No. 176) is DENIED; his Motion to Conduct Discovery (ECF No. 179) is DENIED AS MOOT; and his Motion for Entry of Default (ECF No. 181) is DENIED AS MOOT.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a Certificate of Appealability when it enters a final order adverse to the applicant.  "A Certificate of Appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, the petitioner "'must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463, U.S. 880, 893 n.4 (1983)).  Because Maynor's motions provide no basis for the issuance of a Certificate of Appealability, a Certificate of Appealability is DENIED.

      A separate Order follows.

                                      /s/
                                      Richard D. Bennett
                                      United States Senior District Judge